UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ELWOOD MELLIS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ASBESTOS CORPORATION LIMITED, et al.,<br><br>　　　　Defendants. | Case No: C 13-3449 SBA<br><br>**REMAND ORDER**<br><br>Docket 12 |

　　　The parties are presently before the Court on Plaintiff Elwood Mellis' ("Plaintiff") unopposed motion to remand. Dkt. 12. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby REMANDS this action to the Superior Court of California, County of San Francisco, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.　BACKGROUND**

　　　On January 17, 2013, Plaintiff commenced the instant action against various Defendants in the Superior Court of California, County of San Francisco, seeking to recover damages for injuries suffered as a result of his exposure to asbestos. Compl., Dkt. 1. The complaint alleges seven state law claims for: (1) negligence; (2) products liability; (3) premises owner/contractor liability; (4) aiding and abetting battery; (5) concert of action; (6) fraud and deceit/concealment; and (7) fraud and deceit/ misrepresentation. See id. On July 25, 2013, Defendant Crane Co. ("Defendant") removed the action to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1441(a)(1). Notice of Removal, Dkt. 1.

　　　On July 29, 2013, Plaintiff voluntarily dismissed Defendant from this action

pursuant to Rule 41of the Federal Rules of Civil Procedure. Dkt. 7. On August 6, 2013, Plaintiff filed a motion to remand. Dkt. 12. To date, no opposition has been filed.

## II. DISCUSSION

"It is the general rule that an action may be removed from state court to federal court only if a federal district court would have original jurisdiction over the claim in suit." Jefferson County v. Acker, 527 U.S. 423, 430 (1999). Removal based on federal-question jurisdiction is ordinarily permissible only where the basis for federal jurisdiction appears on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal. Id. at 430-431. The federal officer removal statute constitutes an exception to that rule. See 28 U.S.C. § 1442(a). "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." Jefferson County, 527 U.S. at 431.

Section 1442(a)(1) provides that an action may be removed by "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office. . . ." 28 U.S.C. § 1442(a)(1). A party seeking removal under § 1442 must demonstrate that (1) "it is a 'person' within the meaning of the statute"; (2) "there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims"; and (3) "it can assert a 'colorable federal defense.' " Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006)

Plaintiff contends that the Court no longer has subject matter jurisdiction over this action by virtue of Defendant's dismissal.[1] Pl.'s Mtn. at 2. This contention is misplaced. See Murphy v. Kodz, 351 F.2d 163, 167 (9th Cir. 1965) ("jurisdiction of the District Court was not ousted when the federal removal predicate was subsequently dropped from the

---

[1] Plaintiff does not argue that removal was improper under § 1442(a)(1). Thus, for purposes of the instant motion, the Court will assume, without deciding, that this case was properly removed under the federal officer removal statute.

proceedings"). When an action is properly removed under the federal officer removal statute, a district court can exercise supplemental jurisdiction over the entire controversy. See Watkins v. Grover, 508 F.2d 920, 921 (9th Cir. 1975); New Jersey Dep't of Envtl. Prot. v. Gloucester Envtl. Mgmt. Serv. Inc., 719 F.Supp. 325, 334 (D.N.J. 1989). Once the basis for removal jurisdiction is dropped, it is within the district court's discretion whether to "hear the rest of the action or remand it to the state court from which it was removed." Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir. 1986) (citing Watkins, 508 F.2d at 921); see New Jersey Dep't of Envtl. Prot., 719 F.Supp. at 334 ("If a court dismisses the federal defendant from . . . a case [removed pursuant to section 1442(a)(1)], it must use its discretion to decide whether to remand the remaining ancillary claims to state court or to maintain jurisdiction over those claims.").

Here, all of claims alleged in the complaint are predicated on state law. The action was removed to this Court by Defendant pursuant to the federal officer removal statute. Thus, because Plaintiff has voluntarily dismissed Defendant, it is within the Court's discretion to retain or remand this action. Given the early stage of this litigation, the Court exercises its discretion and declines to retain jurisdiction over this action. See Murphy, 351 F.2d at 167 ("Where the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims it is . . . akin to making the tail wag the dog for the District Court to retain jurisdiction.") (internal quotation marks omitted). Accordingly, the Court remands this action to state court.

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. This action is REMANDED to the Superior Court of California, County of San Francisco. The hearing scheduled for September 10, 2013 is VACATED.

2. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 9/9/2013

SAUNDRA BROWN ARMSTRONG
United States District Judge